## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**HOWARD COHAN,**

       **Plaintiff,**

**v.**                                                          **Case No: 6:23-cv-2316-PGB-DCI**

**CARMEL MANAGEMENT GROUP
LLC and MARY MATHA
HOSPITALITY GROUP LLC,**

       **Defendants.**

_____

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff, Howard Cohan's, Motion for Entry of Final Default Judgment Against Defendants (Doc. 32)** |
| **FILED:** | **September 18, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

### I.      Background

Plaintiff suffers various disabilities and brings this action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181.  Doc. 20 at 3.  On November 4, 2021, Plaintiff visited Defendant's premises.  *Id.* at 4.  On December 17, 2021, Plaintiff filed a lawsuit against Defendant seeking enforcement of the ADA at Defendant's premises.  *See Howard Cohan v. Carmel Management Group, LLC*, 6:21-cv-02118-WWB-GJK (M.D. Fla. 2021).  On July 1, 2022, Plaintiff's suit was dismissed upon stipulation and notice of settlement.  *See id.* at Doc. 20.

Plaintiff alleges that in connection with that dismissal the parties entered into a Settlement Agreement and Release.  Doc. 20-1 (the Agreement).[1]   In the Agreement, Defendant agreed to complete all modifications to its premises within eight months of the signing of the Agreement.  *Id.* at ¶ 3.  Plaintiff alleges that he returned to Defendant's premises on September 28, 2023, but that Defendant had not made the agreed-to modifications.  Doc. 20 at 6.  Specifically, Defendant points to the lack of fully accessible bathrooms, fully accessible parking, and a fully accessible and properly marked passenger loading zone.  *Id.*  So, Plaintiff filed the present suit seeking injunctive relief under the ADA and alleging breach of contract based upon Defendant's alleged failure to perform the modifications outlined in the Agreement.  Doc. 1.

On May 6, 2024, the Court denied Plaintiff's initial motion for default judgment.  Doc. 16.  Thereafter, Plaintiff filed his Amended Complaint, adding Mary Matha Hospitality Group LLC (Mary Matha) as a Defendant.  Doc. 20.  On August 14, 2024, the Clerk entered default against Mary Matha.  Docs. 28, 29.  On September 18, 2024, Plaintiff filed the instant Motion for Entry of Final Default Judgment Against Defendants.  Doc. 32 (the Motion).

## II.    Legal Standard

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, a clerk enters default.  Fed. R. Civ. P. 55(a).

---

[1] Plaintiff notes that Defendant failed to sign the Agreement, and the attached exhibit (Doc. 20-1) does not include Defendant's signature.  Doc. 20 at 4.  However, Plaintiff contends that Defendant nonetheless ratified the Agreement through its attorney and through the payment of the agreed sum in Paragraph 4 of the Agreement.  *See* Doc. 20-5.

Second, after obtaining a clerk's default, a plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b).  Before granting a default judgment, however, a court must confirm it has jurisdiction over the claims, including that the complaint states a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(1), (2); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Anderson v. Blueshore Recovery Sys., LLC*, 2016 WL 1317706, at *2 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted*, 2016 WL 1305288 (M.D. Fla. Apr. 4, 2016).  Well-pled allegations of fact are admitted by default.  *Id.*  If a plaintiff's complaint fails to state a claim, a default judgment cannot stand.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.)).  A court must also ensure adequate service of process because a court lacks jurisdiction over a defendant who is not properly served.  *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

### III.    Discussion

Plaintiff asserts a claim pursuant to the ADA and a breach of contract claim.  *See* Doc. 20. The undersigned will address each claim in turn.

### A.  The ADA Claim

#### i.    Jurisdiction

Before entering default judgment, a court must ensure it has subject matter jurisdiction over the case.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) (courts have to ensure subject matter jurisdiction).  "District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Here, Plaintiff alleges that

Defendant violated the ADA.   Doc. 20.   Accordingly, the Court finds that subject matter jurisdiction is present for the ADA claim.

### ii.    Clerk's Default

Plaintiff filed a return of service citing Florida law and stating that Plaintiff served that Mary Matha through delivery to an employee of its registered agent.   Doc. 26.   Thus, Mary Matha had 21 days from the date of service to respond to the Amended Complaint.   Fed. R. Civ. P. 12(a)(1)(A)(i).   Mary Matha has not appeared or otherwise defended this case.   As such, the Clerk entered default on August 14, 2024.   Doc. 29.

Plaintiff now moves for default judgment against both Defendants.   *See* Doc. 32.   Critically, Plaintiff has not remedied the issues noted in the Court's previous Order denying default judgment, in which the Court expressed concerns regarding the service on Carmel Management Group LLC (Carmel).   *See* Doc. 16 at 4.   Florida Statutes section 48.091(4) provides that if a registered agent is absent from his or her office, then service may be made on an employee of the registered agent. *See* Fla. Stat. § 48.091(4).   Here, Plaintiff has not alleged that Carmel's registered agent was absent from his office when Plaintiff attempted service.   Accordingly, it is not clear whether Plaintiff properly served Carmel.   *See McGlynn v. El Sol Media Network Inc.*, 2023 WL 7166667, at *1-2 (M.D. Fla. Oct. 21, 2023) (finding return of service insufficient where it did not state that the registered agent was not present at the time of service).   Accordingly, the Court cannot enter default judgment against Carmel until Plaintiff remedies this deficiency.   *See Cohan v. Rist Props., LLC*, 2015 WL 224640, at *1 (M.D. Fla. Jan. 15, 2015) ("An entry of clerk's default, however, does not *per se* warrant an entry of default judgment.").

### iii.    Standing

Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (quotation omitted).  The Court is required to consider standing *sua sponte* even if the parties have not raised the issue, because the Court must ensure that it has jurisdiction over the case before it rules on the merits of a party's claim.  *See AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007) (explaining that a court is required to *sua sponte* consider whether a party has standing to bring a case).

A plaintiff must establish the following elements in order to have standing: 1) an injury in-fact; 2) a causal connection between the injury and defendant's conduct; and 3) that it is likely the injury will be redressed by a favorable ruling.  *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).  A plaintiff seeking prospective, injunctive relief pursuant to Title III of the ADA must also plausibly show that the plaintiff will suffer disability discrimination by the defendant in the future.  *Id.* This means that the threat of future injury must be a "real and immediate – as opposed to merely conjectural or hypothetical – threat of future injury." *Id.*

Here, Plaintiff identified specific barriers at Defendants' premises, the property at issue, and alleged that such barriers preclude his full access, use, and enjoyment of the property.  Such allegations establish a "cognizable interest for purposes of standing." *Hoewischer v. Cedar Bend Club, Inc.*, 887 F.Supp.2d 1212, 1222 (finding standing because the barriers listed in the amended complaint prohibited the plaintiff such that he could not fully enjoy the defendant's facilities). Further, Plaintiff has alleged sufficient facts showing causation between his injury and Defendants' conduct because the alleged injury occurred at Defendants' premises, the location of the alleged

discriminatory barriers.  *See Longhini v. J.U.T.A., Inc.*, 2018 WL 4101003, at *2 (M.D. Fla. Mar. 13, 2018).

Again, Plaintiff must also establish that his injury "will be addressed by a favorable decision."  *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).  Where, as here, prospective injunctive relief is sought, the plaintiff must allege facts plausibly showing "a real and immediate threat of future injury."  *Id.* at 1329.  Courts have considered a number of nonexclusive factors when analyzing a plaintiff's intent to return and likelihood of suffering future discrimination, including: 1) the proximity of the defendant's business to the plaintiff's residence; 2) the plaintiff's past patronage of the defendant's business; 3) the definiteness of the plaintiff's plan to return; and 4) the frequency of the plaintiff's travel near the defendant's business. *See id.* at 1327; *see also Hoewischer*. 877 F. Supp. 2d at 1222-23.

Plaintiff alleges that he frequently travels throughout the Space Coast, including Melbourne where Defendants' premises are located, and plans to do so in the future.  Doc. 20 at 7.  Plaintiff states that he resides in Palm Beach County, Florida.  *Id.* at 3.  With regard to past patronage and frequency of travel, Plaintiff alleges that he visited Defendants' premises on November 4, 2021 and travels to the surrounding areas on a regular basis.  *Id.*  Likewise, Plaintiff alleges that he plans to return to Defendants' premises in the role of a "tester" where he will ensure compliance with the ADA and any resulting relief from this Court.  *Id.* at 8-9.  Plaintiff has specifically identified the November 2021 visit and a September 28, 2023 visit.  Doc. 32 at 2.  Accordingly, the undersigned finds that the facts as alleged as to the second and fourth factors sufficiently weigh in Plaintiff's favor.  *See Longhini*, 2018 WL 4101003, at *3 (finding that the plaintiff satisfied these factors with only the specific allegation that he visited the hotel from May 25-26, 2017 and frequents the area and hotel for pleasure).

Accordingly, the undersigned finds that the allegations as a whole, taken as true, establish standing.

### iv.    Elements of the Claim

Finally, it is Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements.  Plaintiff cites one case—*Norkunas v. Seahorse NB, LLC,* 444 F. App'x 412, 416 (11th Cir. 2011)—to set forth the elements of a claim under the ADA.  "A plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA."  *Id.* (citing 42 U.S.C. § 12182(a)).  "For alterations of premises, the ADA defines discrimination as 'a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.'"  *Id.* (citing 42 U.S.C. § 12183(a)(2)).

Here, Plaintiff alleges that he is an individual with disabilities.  Doc. 20 at 3.  Plaintiff also alleges that Defendants are the lessors, operators, and/or owners of the real property that is the subject of this suit.  *Id.* at 3.  However, Plaintiff's threadbare assertions that Defendants are the lessors, operators, and/or owners of the property are insufficient to support default judgment. Plaintiff states that, *upon information and belief*, Defendants are lessors, operators, and/or owners of the property.  *Id.*  "However, allegations 'upon information and belief' are insufficient to support default judgment without further factual support, and Plaintiff's vague assertions that Defendants own, lease, or operate the property are likewise insufficient."  *McNeil v. Wright*, 2021 WL 2955862, at *5 (M.D. Fla. Apr. 15, 2021); *see also Wagner v. Glob. Plaza USA INC*, 2020 WL

7646982, at *4 (M.D. Fla. Nov. 24, 2020), *report and recommendation adopted by* 2020 WL 7640748 ("[T]he undersigned finds Plaintiff's general allegation that Defendant 'owns, leases, leases to, or operates a place of public accommodation' to be akin to pleading an allegation 'upon information and belief,' and that Plaintiff's allegation thus does not constitute a proffer and is not supported by any factual basis."); *Cohan v. Sparkle Two, LLC¸* 309 F.R.D. 665, 668 (M.D. Fla. 2015) ("[T]here is no factual basis pled (or offered in Affidavit or other evidentiary showing) to conclude that Defendant is, in fact, the "lessee, operator, owner and lessor" of the Premises."); *Bell v. FTMC, LLC¸* 2018 WL 4565745, at *1 (M.D. Fla. Sept. 24, 2018) ("Unsupported, conclusory allegations of ownership fail to state a claim under the ADA.").  Additionally, Plaintiff fails to allege which Defendant owns, operates, or leases the property.  Plaintiff provides no discussion of how each individual Defendant is implicated, and accordingly, Defendants are not properly put on notice of the claims against them.

Next, Plaintiff fails to allege that he actually encountered certain violations and barriers at the premises.  To be sure, Plaintiff provides a list of supposed ADA violations—however, aside from alleging that Plaintiff visited the premises on two occasions, Plaintiff does not allege that he physically encountered any barriers or violations at the premises.  *See McNeil v. Chereddy*, 2021 WL 2955860, at *4 (M.D. Fla. Apr. 8, 2021) ("But, rather than describing what [Plaintiff] encountered at the Facility, the Complaint shifts to a conclusory allegation that Defendants discriminated against him by virtue of a list of specific violations."); *Kennedy v. U & V Food Corp.*, 2019 WL 343201, at *4 (M.D. Fla. Jan. 10, 2019) (finding general allegation plaintiff encountered barriers insufficient even where violations existed was insufficient to state a claim); *Stringham v. Apopka Shopping Ctr. LLP*, 2013 WL 6891577, at *1 (M.D. Fla. Dec. 21, 2013) (dismissing complaint where plaintiff failed to make any allegations about what he personally

encountered when he visited defendant's property). Thus, the well-pled facts in the Amended Complaint are insufficient to establish the specific barriers Plaintiff personally encountered.

Further, the Court denied Plaintiff's previous motion for default judgment, in part, because Plaintiff failed to allege whether the premises were constructed prior to the enactment of the ADA. *See* Doc. 16 at 7-9. To remedy this deficiency, in the Amended Complaint, Plaintiff alleges that the premises were constructed in 1997. Doc. 20 at 4. With regard to alterations to existing facilities after January 26, 1992, and new construction completed after January 26, 1993, Title III requires an owner to make the facility "readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12183(a); 28 C.F.R. §§ 36.401(a) & 36.402(a). New construction need not be readily accessible if an owner can demonstrate that it is "structurally impracticable." 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.401(c). Alterations must be readily accessible only "to the maximum extent feasible." 42 U.S.C. § 12183(a)(2); 28 C.F.R. § 36.402(c). Critically, Plaintiff does not analyze the alleged violations under these standards, and instead appears to apply the standards for pre-existing buildings constructed prior to 1993. *See Gathright-Dietrich v. Atl. Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006) (applying the 'readily achievable' standard to pre-existing buildings)[2]. Plaintiff makes passing references alleging that modifications to the premises are "readily achievable," but does not allege that the supposed violations render the premises not readily accessible or unusable by individuals with disabilities. *See* 42 U.S.C. § 12183(a); 28 C.F.R. §§ 36.401(a) & 36.402(a).

---

[2] The Court notes that even if the Court considered Plaintiff's claims that the modifications are "readily achievable," Plaintiff's allegations are insufficient. Conclusory allegations that modifications are "readily achievable" are not sufficient to establish liability. *See McNeil v. Wright*, 2021 WL 2955862, at *7 (citing cases denying default judgment where Plaintiff summarily states that modifications are "readily achievable" without more proof).

Finally, Plaintiff's request for injunctive relief lacks the specificity required for entry of an injunction. "Pursuant to Rule 65, every injunction must 'state its terms specifically' and 'describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." *Access for the Disabled, Inc. v. Osceola Enters. Of Kissimmee, Inc.*, 2010 WL 2889823, at *1 (M.D. Fla. July 22, 2010) (citing Fed. R. Civ. P. 65(d)(1)). "A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "'To issue a permanent injunction under the ADA . . . the Court must apply the same factors as it would in any other case in which a plaintiff sought a permanent injunction.'" *Hoewischer v. Joe's Props., LLC*, 2012 WL 139319, at *2 (M.D. Fla. Jan. 18, 2012) (citing *Wilson v. Broward Cnty., Fla.*, 2008 WL 708180, at *1 (S.D. Fla. Mar. 14, 2008)).

Plaintiff asks the Court to grant Plaintiff injunctive relief such that Defendants would be required "to alter the Premises to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed." Doc. 20 at 12. Plaintiff has failed to meet the requirements necessary for the Court to grant injunctive relief at this time. "Plaintiff's broad request to enjoin Defendants from discriminating against individuals with disabilities and closing the property until completion of all alterations is not appropriate." *Glob. Plaza USA Inc.*, 2020 WL 7646982, at *6.

Accordingly, even if default judgment is proper, Plaintiff has not demonstrated entitlement to the relief he seeks.

### B.  The Breach of Contract Claim

### i.       Jurisdiction

Before entering default judgment, a court must ensure it has subject matter jurisdiction over the case.  *See Arbaugh*, 546 U.S. at 500 (courts have to ensure subject matter jurisdiction).  In the Amended Complaint, Plaintiff argues that the Court can exercise supplemental jurisdiction over the state law breach of contract claim pursuant to 28 U.S.C. § 1367.  Doc. 20 at 10.  Under the supplemental jurisdiction statute, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  By statute, a district court may decline supplemental jurisdiction if:

> (1) The claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).  Here, the Court finds that the pendant breach of contract claim arises from the same case or controversy as the ADA claims which forms the basis of the Court's original jurisdiction.  Accordingly, so long as the ADA claim remains pending, the undersigned would recommend that the Court exercise supplemental jurisdiction over the breach of contract claim.

### (1) Elements of the Claim

Yet even if the Court exercise supplemental jurisdiction over the breach of contract claim, it fails on this record.  Plaintiff has failed to sufficiently plead the elements for breach of contract.  It is Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements.  Plaintiff acknowledges that, under Florida law, to prevail on a breach of contract action, the moving party must establish: (1) that a valid contract exists; (2) that there has been a material breach of that contract; and (3) that damages have been suffered as a result of the breach.  *See Friedman v. NY Life. Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008).  Likewise, Plaintiff claims that "[f]ederal common law has established that a settlement agreement is an enforceable contract between the parties to the underlying litigation."  Doc. 15 at 7.  Plaintiff cites a decision from the Eleventh Circuit in support of this proposition.  *See Key v. Allstate Ins. Co.*, 90 F.3d 1546, 1549 (11th Cir. 1996).  However, a review of *Key* does not find any language supporting Plaintiff's position.  To be sure, *Key* does not involve any settlement agreement and the court there discussed the interpretation of an insurance contract under Florida law.  *Id.* at 1549-51.  Additionally, Plaintiff cites a decision from another district, *Hall v. Burger King Corp.*, 912 F. Supp. 1509, 1520 (S.D. Fla. Nov. 13, 1995), but that case is inapposite.[3]  Accordingly, Plaintiff has failed to provide the undersigned with the essential elements of the breach of contract claim he purports to bring.

---

[3] *Hall*, in part, discusses the issue of whether the execution of general releases precludes a party from then pursuing claims covered by those releases.  *Hall*, 912 F. Supp. At 1520.  However, *Hall* contains no discussion of whether an allegedly breached settlement agreement can serve as the basis for a "federal common law" breach of contract action.  Again, Plaintiff cites no case law from either the federal courts or from Florida that establish the elements of the cause of action he alleges.

Further, as noted in the Court's prior Order denying the motion for default judgment (Doc. 16), Plaintiff has not established the elements necessary for the court to enforce an ***unsigned*** settlement agreement, and the Court therefore questions whether a valid contract actually exists as required by Florida law.  *See Friedman*, 985 So. 2d at 58.  As the Court noted in its prior Order:

> "Courts will not enforce an unsigned settlement agreement unless the party seeking to compel enforcement of such agreement demonstrates two things—(1) first, 'that [the opposing party's] attorney had clear and unequivocal authority to enter into the settlement agreement,' []; and (2) second, that the opposing party assented to all the essential terms of the agreement."  *Wells Fargo Bank, N.A. v. Mision Cristiana Bethesda, Inc.*, 2017 WL 1476307, at *3 (M.D. Fla. Apr. 25, 2017) (internal citations omitted).  Plaintiff asserts that the agreement is enforceable because "Defendant ratified the Agreement through its consent to the Agreement through its attorney at the time, Robert Blanchfield, and through the payment of the agreed sum in Paragraph 4 of the Settlement Agreement and Release on October 10, 2022." Doc. 15 at 3.  However, Plaintiff cites no case law supporting the proposition that the mere payment of a sum outlined in an unsigned settlement agreement renders the entirety of that agreement enforceable, especially without any other evidence of the meeting of the minds concerning the contents of the proffered, unsigned agreement.

Doc. 16 at 11.  Nor has Plaintiff sufficiently alleged any damages.

It does not appear that Plaintiff attempted to remedy these deficiencies in the Amended Complaint.  Accordingly, Plaintiff has failed to address the essential elements for a breach of contract claim.  Therefore, the Motion is due to be denied as to the breach of contract claim.

### C.  Attorney Fees

Plaintiff also seeks an award for attorney fees and costs.  Doc. 32 at 12.  However, in light of the denial, the Court declines to rule on the issue of attorney fees and costs at this time.

**IV.    Conclusion**

In sum, as noted herein, there are still myriad deficiencies in the Amended Complaint that preclude the Court from entering default judgment at this time.   Accordingly, it is **ORDERED** that the Motion (Doc. 32) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on October 4, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
Courtroom Deputy